IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DLJ MORTGAGE CAPITAL, INC.,**

   Plaintiff,

   v.

**DAVID RAMOS-PAGÁN,**

   Defendant.

Civil No. 14-1417 (BJM)

**OPINION AND ORDER**

DLJ Mortgage Capital, Inc. ("DLJ") brought this action in diversity against David Ramos-Pagán ("Ramos") to collect on a mortgage note and foreclose on the mortgaged property. Compl. ¶ 17. The parties consented to proceed before a magistrate judge. Docket No. 11. Before the court is DLJ's motion for summary judgment on its first case of action, that is to collect on the mortgage note. Docket No. 17 ("Mot."). DLJ is not seeking foreclosure at this time.[1] Ramos did not file an opposition to the motion. For the reasons set out below, plaintiff's motion for partial summary judgment is **GRANTED**.

**BACKGROUND**

This summary of the facts is guided by plaintiff's Local Rule 56 statement of uncontested facts. *See* Docket No. 17-1 ("SUF").[2]

DLJ Mortgage Capital, Inc. is a corporation with its principal place of business in New York. Compl. ¶ 3. Ramos is a resident of San Juan, Puerto Rico. Answer ¶ 4. On

---

[1] The mortgage subject to the second cause of action has not been registered in the Property Registry of Puerto Rico and DLJ has requested that the Court reserve statements regarding the execution of the mortgage until it is properly registered. Docket 17 at 1-2.

[2] Local Rule 56 requires parties at summary judgment to supply brief, numbered statements of facts, supported by citations to admissible evidence. It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008), and prevents litigants from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007). The rule "permits the district court to treat the moving party's statement of facts as uncontested" when not properly opposed, and litigants ignore it "at their peril." *Id.*

June 30, 2010, Ramos subscribed a mortgage note payable to Popular Mortgage, Inc. for $275,000.00, with interest at 4 ¾ percent per annum, due July 1, 2040.  Docket 1-4 at ¶¶ 1-3.  The note was secured by a mortgage upon a property located in Isabela described in the Spanish language as:

> URBANA: Propiedad horizontal: Apartamento de forma irregular identificado con el número A-203, localizado en el segundo piso del edificio A del Condominio Haudimar Beach Apartments, ubicado en el barrio Bajuras del término municipal de Isabela, Puerto Rico. El apartamento consta de un nivel y son sus colindancias las siguientes: por el NORTE, con elemento exterior, en una distancia de 22'10"; por el SUR, con elemento exterior y área común, en una distancia de 22'10"; por el ESTE, con el apartamento A-204, en una distancia de 36'6" y área común, en una distancia de 15'10", para un total de 52'4" y por el OESTE, con el apartamento A-202, en una distancia de 52'4".
>
> Consta el mismo de 2 habitaciones con sus respectivos guardarropas, una sala comedor, cocina, 2 baños, lavandería y balcón. Los baños están equipados con bañera, lavamanos y servicio sanitario. El área total del apartamento es de 1,006.1305 pies cuadrados, equivalentes 93.4725 metros cuadrados. El apartamento tiene una puerta de entrada por su lado Sur que comunica al área común donde se encuentra la escalera.
>
> Le corresponde como elemento de uso común limitado 2 espacios de estacionamiento identificados ambos con el número y letra A-203.
>
> Le corresponde a este apartamento en los elementos comunes generales del inmueble una participación de .005110%.

SUF ¶ 2.

Ramos owns, in fee simple, the real property described above.  SUF ¶ 6.  On November 30, 2011 Ramos subscribed an "Allonge" to modify the note increasing the principal to $278,468.73 and modifying the interest to 2.50 percent per annum on the first 60 payments; 3.50 percent per annum on payments 61-72; 4.50% per annum on payments 73-84; and 4.75 percent per annum on payments 85-480, due on December 1, 2051.  SUF ¶ 4.  Ramos has been in default since November 1, 2013, and owes $270,853.04 for the principal balance and interest on the principal from October 1, 2013, until fully paid, as well as any other sums agreed upon in the deed of mortgage, from October 1, 2013 and

until fully paid, plus 10 percent for attorney's fees and costs, equivalent to $27,500.00. SUF ¶ 9; Docket No. 17-5.  DLJ is the current holder and owner of the note.  SUF ¶ 7.  This action was filed against Ramos on May 5, 2014.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004).  The court does not weigh facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

The movant must first "inform[] the district court of the basis for its motion," and identify the record materials "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); R. 56(c)(1).  If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim.  *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).  Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

# DISCUSSION

DLJ argues that it is entitled to partial summary judgment against Ramos for the payment of $270,853.04 for the principal balance and interests on it from October 1, 2013 and until payment, plus 10 percent for attorney's fees and costs, equivalent to $27,500.00. Docket No. 17.  Ramos has not opposed.  But "even an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 13 (1st Cir. 2007).

In this diversity action, Puerto Rico law applies.  Under Puerto Rico law, "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations."  31 L.P.R.A. § 2994.  A mortgage is "a guarantee of a debt, which in turn is secured by a particular property." *Chicago Title Ins. Co. v. Sotomayor*, 394 F. Supp. 2d 452, 460 (D.P.R. 2005) (citing *Torres v. Fernández*, 47 D.P.R. 845, 848 (1934)). As Judge Pieras explained:

> [I]t is important to distinguish between the actual debt and the mortgage.
>
> Any given debt can give rise to a personal action for collection of monies which may eventually be executed upon personal or any other property of the debtor. These proceedings will be filed against the debtor and the prayer for relief is limited to money. The mortgage, on the other hand, is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt.

*Chicago Title Ins.*, 394 F. Supp. 2d at 460.  A secured creditor may take legal action to collect on a debt and enforce the plege if not timely satisfied. *Banco Central y Economías v. Registrador*, No. O-81-493, 1981 WL 176550 (P.R. Nov. 25, 1981).

Here, it is undisputed that Ramos has failed to comply with the terms and conditions of the mortgage loan contract. *See* Docket No. 17-5 (sworn statement of Maria Stutz Felt, Document Control Officer for Select Portfolio Servicing, Inc., servicer for DLJ).  The note also permits the lender, upon Ramos's default, to require Ramos to pay "immediately the full amount of Principal which has not been paid and all the interest" owed on that amount.

DLJ Mortgage Capital, Inc. v. Ramos-Pagan 3:14-cv-01417-BJM                                                                                                     5

Docket No. 1-4, at 3.  Further, the note entitles DLJ, as the note holder, to collect its costs and expenses to enforce the note, fixed at 10 percent of the original principal amount.  *Id.*  Thus, there is no genuine issue of material fact as to liability and plaintiff's right to seek judicial enforcement of payment of Ramos's outstanding debt.

## CONCLUSION

For the foregoing reasons, DLJ's motion for summary judgment is **GRANTED**, and partial judgment will be entered in the amount of $270,853.04 for principal balance and interest at a rate of 2.50 percent per annum on payments 1-60; 3.50 percent per annum on payments 61 to 72; 4.50 percent per annum on payments 73-84; 4.75 percent per annum on payments 85-480 from October 1, 2013 and until fully paid, plus the stipulated amount of 10 percent for attorney's fees and costs, equivalent to $27,500.00.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, this 12th day of May, 2015.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge